UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JS *et al.*, | |
| Plaintiffs, | |
| v. | CAUSE NO. 3:19-CV-421 DRL-MGG |
| MACNHESTER COMMUNITY SCHOOLS CORPORATION *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Mr. Robert Sklar filed a *pro se* complaint on behalf of himself and J.S., his minor child, against the Manchester Community Schools (MCS), the Town of North Manchester, and the North Manchester Police Department. MCS filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which the other defendants partly joined. ECF 9, 14. The defendants have argued several reasons why the complaint must be dismissed, including Mr. Sklar's unauthorized *pro se* representation of his minor child; failure to state a claim upon which relief can be granted; and the lack of jurisdiction because there is no actual controversy. Although Mr. Sklar filed his briefing late, even after being afforded forgiving extensions by the court, the court addresses his complaint on its merits given federal preference for this outcome. That said, the court now grants the motion to dismiss.

BACKGROUND

These facts assume the truth of the allegations within the complaint, as the court must given the procedural posture of this motion. On or about April 22, 2019, Robert Sklar (J.S.'s father) was contacted by North Manchester Police Department (NMPD) officers. ECF 1 at 4. Officer Houser, accompanied by an unnamed officer, wanted to speak with J.S. about an incident that had occurred at a local park. *Id.* JS was interviewed at the police station that afternoon. *Id.*

Plaintiffs allege that later that evening the same officers entered the Sklar home without a warrant or permission. *Id.* The officers informed Mr. Sklar that a "No Trespass Order" had been issued as to J.S.. *Id.* The order banned J.S. from MCS property. *Id.* Mr. Sklar refused the sign the order and was denied a copy. *Id.*

That same day, Mr. Sklar contacted the high school principal, Dr. Lippe, about the order. *Id.* Dr. Lippe responded that he did not approve the order. *Id.* Mr. Sklar also contacted Chief Kirk of NMPD regarding the order and the issuing officers entering his home without authorization. *Id.* Chief Kirk informed Mr. Sklar that the order had been requested by the School Resource Officer. *Id.* at 5. On May 30, 2019, Mr. Sklar wrote to Russ Mikel, Superintendent of Manchester Community Schools, and asked Mr. Mikel for clarification and for an opportunity to appeal the order. *Id.* Superintendent Mikel informed Mr. Sklar that the order was issued by a police officer, not the school. *Id.*

Chief Kirk and Superintendent Mikel both informed Mr. Sklar that the order would expire on June 1, 2019. *Id.* Because of the order, J.S. was prohibited from attending school functions typically open to the public including athletic events, school board meetings, and a high school graduation. *Id.*

J.S. alleges he was denied any ability to appeal the order. *Id.* J.S. alleges that the order, and his inability to appeal it, violated his constitutional rights and caused him irreparable harm. *Id.* Mr. Sklar alleges that officers violated his constitutional rights when they entered his home without permission. *Id.* The plaintiffs request the trespass order be lifted, $10,000 per day J.S. was banned from school property, and any other relief the court deems appropriate. *Id.* at 3.

### STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must

2

contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face and raise a right to relief above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

When evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court must use the same "plausibility" standard; therefore, the court must accept alleged factual matters as true and draw all reasonable inferences in favor of the plaintiff. *Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015). The plaintiffs bear the burden of establishing the jurisdictional requirements. *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014).

Of course, because the plaintiffs are proceeding *pro se*, the court must liberally construe the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

DISCUSSION

A.     The Complaint is Partially Moot.

The defendants argue that the complaint is partially moot. "To invoke federal jurisdiction, a plaintiff must show a 'personal stake' in the outcome of the action." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018). This requirement must be met at "all stages of review." *Id.* (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). When there is no longer a "case or controversy," the suit becomes moot. *Loertscher v. Anderson*, 893 F.3d 386, 392 (7th Cir. 2018). In a case seeking injunctive relief, "once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot." *Id.* (quoting *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006)).

In this case, it is undisputed that the trespass order against J.S. was lifted on June 1, 2019. While Mr. Sklar, in his response, agrees that "any ongoing harm to J.S. and Mr. Sklar ended on June 1, 2019," he argues that the claims are not moot under the capable of repetition doctrine. ECF 19 at 7. This doctrine applies only in the rare case where: "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Loertscher*, 893 F.3d at 394-95 (quoting *Sanchez-Gomez*, 138 S. Ct. at 1540).

Whether the order may meet the doctrine's durational element, the plaintiffs have shown no reason to believe J.S. will be subjected to the same action again. Without a showing of that reasonable expectation, courts have "generally been unwilling to assume that the party seeking relief will repeat the type of misconduct that would once again place him or her at risk of that injury." *Honig v. Doe*, 484 U.S. 305, 320 (1988). The court will not assume that J.S. will engage in conduct that results in another trespass order. *See Loertscher*, 893 F.3d at 395 (court would not assume plaintiff would later engage in the consumption of illegal substances). The court finds that the claim for injunctive relief is moot. The court now turns to the claims for monetary relief.

B. The Complaint Fails to State a Claim.

In this case, the plaintiffs have sued three municipal defendants. Municipalities may be sued under § 1983 for constitutional violations. *See Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). A municipality cannot be held liable under the theory of *respondeat superior*; rather, a plaintiff must allege the constitutional violation resulted from a municipal policy, custom, or practice. *Id.*[1]

To plead a *Monell* claim, a plaintiff must establish: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-

---

[1] None of the defendants has argued that they are not suable entities for purposes of § 1983, though the police department here would not qualify. *See e.g., Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011) (holding Indiana police departments are not suable entities for purposes of § 1983).

4

settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Teesdale v. City of Chicago*, 690 F.3d 829, 834 (7th Cir. 2012). Courts must not apply a "'heightened pleading standard'—more stringent than the usual pleading requirement of Rule 8(a) of the Federal Rules of Civil Procedure—in civil rights cases alleging municipal liability under [§ 1983.]" *White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016) (quoting *Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993)). To survive a motion to dismiss, the plaintiffs' complaint must allow the court "to draw the reasonable inference that the [municipality] maintained a policy, custom, or practice" that deprived them of their rights. *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011) (inner quotations removed); *see also Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 679 (E.D. Wis. 1999) (dismissing a complaint for failing to allege the deprivation of rights was caused by an unconstitutional policy or practice).

In this case, the plaintiffs have not alleged any facts that allow a reasonable inference that any of the municipal defendants had any policy or widespread custom that led to the trespass order or officers entering the Sklar home. The plaintiffs also have not alleged that a final policymaker authorized either of these actions.

Even if plaintiffs had properly alleged a custom or policy, they have failed to state a viable due process claim. The complaint is not clear whether the plaintiffs are asserting procedural or substantive due process violations; however, either claim fails because the plaintiffs have failed to plead a protected interest. The plaintiffs do not allege that J.S. is a student at an MCS school or that he was suspended from an MCS school; instead, plaintiffs have argued that J.S. has "a right, same as the public, to attend certain events that are open to all people of the community." ECF 19 at 4.

Members of the public, however, have no constitutional right of access to public schools. *See Hanneman v. S. Door Cty. Sch. Dist.*, 673 F.3d 746, 755 (7th Cir. 2012) (quoting *Vukadinovich v. Bd. of Sch. Trustees of Michigan City Area Schs.*, 978 F.2d 403, 407 (7th Cir. 1992)). Without a right to be on school

property, J.S. cannot maintain a due process claim against the municipal defendants. *See id.* at 752 (procedural due process claims require plaintiffs to allege a "protected interest, either in liberty or property"); *Campos v. Cook County*, 932 F.3d 972, 975 (7th Cir. 2019) (substantive due process claims require plaintiffs to allege the government violated a fundamental right or liberty).

Mr. Sklar also asserts a Fourth Amendment claim. Generally, the Fourth Amendment requires a warrant for officers to enter an individual's home. *See United States v. Hughes*, 993 F.2d 1313, 1315 (7th Cir. 1993). In this case, Mr. Sklar alleges that his rights were violated when officers entered his home without a warrant or consent. ECF 1 at 5. While Mr. Sklar may have alleged a Fourth Amendment claim, *see, e.g., Twyman v. Burton*, 757 F. Supp. 2d 804, 808 (S.D. Ind. 2010) (plaintiff sufficiently pleaded a Fourth Amendment claim against the defendant for warrantless entry of her home), this claim must be dismissed because Mr. Sklar has not properly alleged the violation was caused by a municipal policy or custom.

Through briefing, the plaintiffs attempt to amend their complaint to raise claims under 42 U.S.C. §§ 1985 and 1986.[2] These claims fail because plaintiffs do not allege the defendants acted with any class-based animus. *See Grimes v. Smith*, 776 F.2d 1359, 1366 (7th Cir. 1985) (holding § 1985(3) requires a racial, class-based animus to state a claim); *Kowalski v. Boliker*, 893 F.3d 987 (7th Cir. 2018) (holding § 1985(2) requires a class-based animus to state a claim). Because a successful § 1985 claim is a prerequisite to a claim under § 1986, this claim necessarily fails. *Grimes*, 776 F.2d at 1363 n.4.

C. Mr. Sklar Cannot Represent J.S.

Mr. Sklar is both proceeding *pro se* and acting as counsel for his child, J.S.[3] An individual may appear in federal court *pro se* or through counsel, *see* 28 U.S.C. § 1654, but the general rule is that one

---

[2] These claims appear for the first time in plaintiffs' response. ECF 19 at 6. Plaintiffs argues there was an "intra-corporation conspiracy" among the municipal defendants. *Id.*

[3] Mr. Sklar does not deny that he is representing J.S.; instead, he denies that he "is engaged in the unauthorized practice of [l]aw." ECF 19 at 1.

6

*pro se* litigant cannot represent another. *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008). "One consequence of the normal rule is that a next friend may not, without the assistance of counsel, bring suit on behalf of a minor party." *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010). While there are some exceptions to this rule (*e.g.*, parents may bring *pro se* social security claims on behalf of their children), this circuit has yet to recognize such an exception for a lawsuit based on § 1983. *Id.* The rule intends to protect the interests of the minor party and "guards the judiciary's authority to govern those who practice in its courtrooms." *Id.* (quoting *Myers v. Loudoun Cty. Pub. Schs.*, 418 F.3d 395, 400 (4th Cir. 2005)). Mr. Sklar cannot act as counsel for J.S.

## CONCLUSION

Because the request for injunctive relief has become moot, the court dismisses that claim for lack of jurisdiction. The court further dismisses the complaint for failure to state a claim as the plaintiffs have not properly pleaded a claim against the municipal defendants. For these reasons, the court GRANTS the motion to dismiss. ECF 9. The court GRANTS the Town of North Manchester and Police Department's motion to join the reply. ECF 22. The court DENIES the motion to strike. ECF 20.

SO ORDERED.

December 23, 2019         *s/ Damon R. Leichty*
                          Judge, United States District Court